# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 18, 2012

## STATE OF TENNESSEE v. JIM GEORGE CONASER A.K.A. JIMMY GEORGE CONASER

**Direct Appeal from the Circuit Court for Davidson County**
**No. 2010-D-3273        Cheryl A. Blackburn, Judge**

---

**No. M2011-02086-CCA-R3-CD - Filed August 21, 2013**

---

NORMA MCGEE OGLE, J., concurring in part and dissenting in part.

Although I agree with most of the conclusions set forth in the majority opinion, including that the appellant's arrest created a break in the events, I respectfully disagree that the evidence is insufficient to support the appellant's conviction in count 2 for failing to sign the TBI registration form. Therefore, I would affirm both of the appellant's convictions.

The majority opinion concludes that the evidence is insufficient to support the conviction in count 2 because Tennessee Code Annotated section 40-39-203(b)(1) provides that an incarcerated offender must complete and sign a TBI registration form within forty-eight hours prior to the offender's release and because the State failed to present evidence that the appellant was released following his incarceration on August 9, 2010. However, in my view, Tennessee Code Annotated section 40-39-203(b)(1) applies to a sexual offender initially released from confinement, and an offender who was initially released from confinement without registering and signing a TBI registration form should be required to do so on demand, regardless of whether the offender is reincarcerated. As pointed out by the majority, the purpose of the Act is to protect the public from sexual offenders. However, Tennessee Code Annotated section 40-39-201(b)(6) provides that in order "[t]o protect the safety and general welfare of the people of this state, it is necessary to provide for continued registration of offenders and for the public release of specified information regarding offenders." (Emphasis added.) Allowing a sexual offender, who has fallen through the cracks and failed to register initially as required by the Act, to shirk registration upon reincarceration is illogical and contrary to the purpose of the Act.

I believe the appellant was required to register and sign the TBI registration form when Deputy Payne presented it to him.  Therefore, I would affirm the appellant's conviction in count two.


_____
NORMA McGEE OGLE, JUDGE